UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JAMES DOUGLAS SMITH | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:14-0548 |
| | ] | CHIEF JUDGE HAYNES |
| HOWARD GENTRY | ] | |
| Defendant. | ] | |

## ORDER

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1). In an earlier Order (Docket Entry No. 9) the Court granted plaintiff's application to proceed in forma pauperis, but under 28 U.S.C. § 1915(b)(1)(A) and (B), the Court mus assess Plaintiff the civil filing fee of $350.00 and it is **ORDERED** that the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; <u>or</u>

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In accordance with the Memorandum filed herewith, this action is hereby **DISMISSED with prejudice**. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the Plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505) or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Warden of the Metro Davidson County Detention Facility to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

**ENTERED** this the 26th day of February, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court